Filed 3/14/16  Antoinette F.  v. Superior Court CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ANTOINETTE F., | B268280 |
| Petitioner, | (Super. Ct. No. DK04636) |
| v. | |
| THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES, | |
| Respondent. | |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Real Party in Interest. | |

Writ petition to review order setting hearing under Welfare and Institutions Code section 366.26.  Debra L. Losnick, Juvenile Court Referee.  Petition denied.

Zaragoza Law Office and Gina Zaragoza for Petitioner.

No appearance for Respondent.

Mary C. Wickham, County Counsel, Dawyn R. Harrison, Assistant County Counsel, Aileen Wong, Deputy County Counsel for Real Party in Interest Los Angeles County Department of Children and Family Services.

_____

Petitioner Antoinette F. seeks extraordinary relief (Welf. & Inst. Code, § 366.26, subd. (*l*);[1] Cal. Rules of Court, rule 8.452) from the juvenile court's order, made at a combined 12-month (§ 366.21, subd. (f)) and 18-month (§ 366.22) review hearing, setting a hearing pursuant to section 366.26 to consider termination of parental rights and implementation of a permanent plan for her daughter Avery A. We deny the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 21, 2014 the Los Angeles County Department of Children and Family Services (Department) filed a section 300 petition to declare then four-month-old Avery a dependent child of the court. The petition alleged Avery was at risk due to her father's abuse of illicit drugs and Antoinette's failure to protect Avery. (§ 300, subd. (b).) On June 16, 2014 the juvenile court sustained the petition, ordered Avery suitably placed and ordered the Department to provide reunification services to Antoinette.

On October 26, 2015 the juvenile court conducted the combined 12-month and 18-month review hearing. As of the date of the hearing Antoinette had received 18 months of reunification services. In reports for the hearing the Department indicated Antoinette was not consistent in her visitation with Avery and her visits were not successful: She arrived late for visits, was unable to care for Avery's basic needs without prompting by the social worker, was inattentive and did not interact with Avery.

Included in the Department's filings was the report of Susie Morris, M.D., M.A., who had been appointed by the court to conduct a psychological evaluation of Antoinette. (Evid. Code, § 730.) Dr. Morris, who diagnosed Antoinette with dependent personality disorder, methamphetamine use disorder and alcohol use disorder, opined Antoinette's contact with Avery should be limited to monitored visits until Antoinette successfully completed individual therapy, maintained sobriety, completed parenting classes and acquired competent parenting skills. Dr. Morris reported that Antoinette's stress reaction to the loss of custody of Avery was "bizarrely minimal" and, although she recommended

---

[1] Statutory references are to this code unless otherwise indicated.

Antoinette enroll in therapy, she added that "there is no easy solution for a personality disorder, and there are no psychotropic medications that would unilaterally address the disorder." The Department recommended the court terminate reunification services for Antoinette.

Antoinette did not appear on October 26, 2015, and no testimony was taken at the hearing. Counsel for the Department recommended the court terminate reunification services for Antoinette. Counsel for Avery joined in the Department's request. After the court admitted into evidence the Department's reports and Dr. Morris's psychological evaluation, counsel for Antoinette conceded that Antoinette was not ready to have Avery returned to her care, but requested the court extend reunification services for an additional six-month period. The court denied the request for an extension of services, terminated reunification services for Antoinette and set the matter for a hearing pursuant to section 366.26.

## CONTENTION

Antoinette contends that, because she was in substantial compliance with her case plan and Avery was in a stable placement with relatives, continued reunification services "would not have been contrary to the interests of Avery."

## DISCUSSION

The Legislature has determined that 18 months is the maximum time the juvenile court may offer family reunification services. (§§ 361.5, subd. (a)(3), 366.22, subd. (a); *Cynthia D. v. Superior Court* (1993) 5 Cal.4th 242, 249.)[2] When a child is not returned to a parent at the 18-month review hearing, the court must terminate reunification services and order a hearing be held pursuant to section 366.26. (§ 366.22, subd. (a).)

There are cases holding the juvenile court has discretion to continue the 18-month review hearing under section 352 and extend reunification services beyond the statutory

---

[2]    Section 366.22, subdivision (b), authorizes the juvenile court to extend services beyond the 18-month statutory limit in certain specific circumstances, none of which exists in this case.

3

limit. Those cases, however, involved exceptional circumstances such as an external factor that thwarted the parent's efforts at reunification. (See, e.g., *In re Elizabeth R.* (1995) 35 Cal.App.4th 1774, 1787, 1796 [mother was hospitalized during most of the reunification period; and, after her release, the child welfare agency attempted to restrict visitation]; *In re Daniel G.* (1994) 25 Cal.App.4th 1205, 1209, 1212-1214 [juvenile court found the child welfare agency's reunification services were a "disgrace"]; *In re Dino E.* (1992) 6 Cal.App.4th 1768, 1777-1778 [child welfare agency never developed a reunification plan for the father].)

This is not the kind of case warranting extension of reunification services beyond the statutory limit. Antoinette does not challenge the reasonableness of the reunification services provided to her by the Department, nor does she allege any other exceptional circumstance warranting extension of reunification services. The juvenile court properly set a hearing pursuant to section 366.26.

## DISPOSITION

The petition is denied on the merits.


PERLUSS, P. J.


We concur:


ZELON, J.


SEGAL, J.


4